IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS RAY STYLES, )
              Plaintiff, )
    -vs- ) Civil Action No. 18-133
ANDREW M. SAUL,[1] )
COMMISSIONER OF SOCIAL SECURITY, )
              Defendant. )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for supplemental security income pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), John A. Fraser, held a hearing on July 14, 2017. (ECF No. 7-3). On August 24, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 7-2, pp. 19-30).

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity ("RFC").[2] 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Weighing of Opinion Evidence in Determining Plaintiff's Mental RFC</u>

Plaintiff argues that the ALJ failed to follow the treating physician rule when discounting the opinion of Dr. Dingcong such that the mental RFC is unsupported by substantial evidence. (ECF No. 10, pp. 8-14). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

4

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff argues that the ALJ's decision fails to set forth a proper analysis for rejecting the opinion of his treating doctor, Dr. Dingcong, leaving the mental RFC unsupported by substantial evidence. (ECF No. 10, pp. 8-14). In support of the same, Plaintiff points to evidence of record to support his position that medical evidence supports Dr. Dingcong's opinion. (ECF No. 10, pp. 9-12). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's argument in this regard is misplaced.

Plaintiff does assert that the ALJ gave only one reason for discounting Dr. Dingcong's opinion and, then, summarily concludes that this reason is not supported by substantial evidence. (ECF No. 10, p. 13). A review of the record shows this is an incorrect statement. (ECF No. 7-2, pp. 27-28). After relating the opinions of Dr. Dingcong, the ALJ weighed the same. *Id.*

> The undersigned gives Dr. Dingcong's opinion little weight because it is not consistent with the evidence of record. Conversely, the record shows the claimant's mental status examinations have been more benign. In addition, the claimant is able to handle various activities of daily living and does not appear to have great difficulty getting along with others. During a visit with Gregory Austin, MD in March 2015 following his release from prison, the claimant was oriented in

5

> all spheres, interacted normally, and maintained good eye contact. (Exhibit 4F/9-15) Even when the claimant initially saw Dr. Dingcong in June 2015, he was alert and oriented x3, but exhibited a dysphoric mood and blunted affect. (Exhibit 10F/6-7) In February 2017, the claimant was oriented to person, place, situation, and time. He was cooperative but had a sad affect and depressed mood. He thought process was organized.

(ECF No. 7-2, pp. 27-28). Consistency is a valid reason for crediting or discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). Based on my review of the record, I find the ALJ's opinion is supported by substantial evidence.

In addition, the ALJ gave the opinion of Dr. Leavitt, a treating medical source, great weight. (ECF No. 7-2, p. 28). Plaintiff suggests that the opinion of Dr. Leavitt should not have been afforded "any weight" because it was based on Plaintiff's own self-reporting. (ECF No. 10, p. 13). Simply because a record is based on self-reporting does not mean an ALJ must reject it or give it no weight. An ALJ must weigh all opinion evidence in accordance with the regulations as set forth above. Consequently, I find no merit to this argument.

Therefore, I find remand is not warranted on the arguments above.

### C. Plaintiff's Physical RFC

Plaintiff further argues that his physical RFC is not supported by substantial evidence. (ECF No. 10, pp. 14-18). To that end, Plaintiff asserts that the ALJ improperly rejected the opinion of Megan Hanfler, CRNP and, thus, based the physical RFC on either his own lay interpretation of the medical evidence or the opinion of the single decision maker (SDM).[3]  *Id.*  As a result, Plaintiff submits remand is warranted. *Id.* After a review of the evidence, I disagree.

As Plaintiff acknowledges, a nurse practitioner is not "an acceptable medical source" in assessing a claimant's disability. (ECF No. 10, p. 15). *Hartranft v. Apfel,* 181 F.3d 358, 361 (3d Cir. 1999); see also, 20 C.F. R. §416.913(a) and §404.1513(a); SSR 06-3p. Rather, nurse

---

[3] After a review of the record, there is no evidence that the ALJ relied on the opinion of the SDM in formulating Plaintiff's physical RFC. That argument is pure conjecture on the part of Plaintiff and I find no merit to this suggestion.

6

praciticitioners are considered "other sources." *Id.* Information from "other sources" alone cannot establish an impairment, but can provide insight into the severity of the impairment and how it affects the individual's ability to function. *Id.* Thus, an ALJ is required to consider the same. Here, the ALJ noted and weighed the opinion in accordance therewith. (ECF No. 7-2, p. 28).

> Specifically, the ALJ gave Ms. Hanfler's opinion little weight. *Id.*
>
> The undersigned gives little weight to Ms. Hanfler's opinion because it is not supported by objective evidence including diagnostic testing or clinical observations and finding. Instead, Ms. Hanfler stated the opinion was based on the claimant's COPD, history of myocardial infarction and hyperlipidemia. Such conditions have previously been found to be non-severe.

*Id.* After rejecting the above, there was no other opinion evidence of record regarding Plaintiff's physical functional abilities. *Id.* at pp. 19-28. To that end, Plaintiff argues that the "ALJ should have relied on this medical opinion, instead of fashioning an RFC out of whole cloth." (ECF No. 10, p. 15). I disagree. There is no requirement that the ALJ accept the opinion of an other source. In fact, even if the ALJ accepted her opinion, as set forth above, Ms. Hanfler's opinion alone could not establish an impairment. While I acknowledge that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant," *Gormont v. Astrue,* No. 11-2145, 2013 WL 791455 at *7 (M.D. Pa. Mar. 4, 2013), *citing Doak v. Heckler,* 790 F.2d 26 (3d Cir. 1986), it is not a necessity. *Cummings v. Colvin,* No. 14-cv-251, 2015 WL 4092321, *6 (W.D. Pa. July 7, 2015). I find that this is such a case here.

The ALJ is charged with formulating the RFC based on **all** of the relevant evidence. 20 C.F.R. §§416.945(a); 404.1545(a). The ALJ in the case did just that. (ECF No. 7-2, pp, 24-28). The ALJ specifically discussed how he arrived at formulating Plaintiff's physical RFC of medium work exertion. (ECF No. 7-2, p. 25). In particular, the ALJ stated that his opinion was

based on Plaintiff's diagnosis of arthritis and his complaints of right shoulder pain. *Id.* In addition, the ALJ noted the "very little evidence of treatment in the record, diagnostic test results, or clinical observations and findings." *Id.* Further, the ALJ discussed Plaintiff's activities of daily living and the inconsistent evidence regarding the use of a cane. *Id.* Moreover, the ALJ reviewed Plaintiff's limited treatment history and the medication Plaintiff was taking. *Id.* After a review of the evidence, I find I am able to make a proper and meaningful review and there is substantial evidence of record that the ALJ's physical RFC generously accounted for the limitations established by the evidence of record. (ECF No. 7-2, pp. 24-28). Thus, I find the ALJ did not error in formulating Plaintiff's physical RFC. Therefore, remand is not warranted in this case on this argument.

      An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS RAY STYLES, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　)
　　　-vs- ) Civil Action No.　18-133
　　　　　　　　　　　　　　　　　　　)
ANDREW M. SAUL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 27th day of June, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　s/　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　　　　　United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.